| | | |
|---|---|---|
| BRANDY TRAHAN | : | 36TH JUDICIAL DISTRICT COURT |
| VS. _____ | : | PARISH OF BEAUREGARD |
| WAL-MART STORES, INC., REDDY ICE CORPORATION, AND BEVERLY RAINWATER | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ DEPUTY CLERK |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR DAMAGES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW INTO COURT**, through undersigned counsel, comes BRANDY TRAHAN, Petitioner, domiciled in Calcasieu Parish, Louisiana, who respectfully states that:

1.

Named as Defendants herein are:

   A. WAL-MART STORES, INC., a foreign corporation authorized to do and doing business in the Parish of Calcasieu, State of Louisiana, hereinafter referred to at times as "WAL-MART";

   B. REDDY ICE CORPORATION., a foreign corporation authorized to do and doing business in the State of Louisiana, hereinafter referred to at times as "REDDY";

   C. BEVERLY RAINWATER, Store manager of Wal-Mart #505, hereinafter referred to at times as "RAINWATER."

All Defendants referred to hereinafter collectively at times as "Defendants."

2.

Venue is proper in Beauregard Parish, Louisiana, because this is the parish in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.

At all times mentioned herein, WAL-MART STORES, INC. was the owner and BEVERLY RAINWATER was the manager of that certain store known as Wal-Mart #505, located at 1125 N. Pine Street, DeRidder, LA 70634.

4.

At all times mentioned herein, REDDY ICE CORPORATION was the owner of that certain indoor ice merchandiser, bearing tag no. 1043250, hereinafter referred to as "Ice Machine" located inside Wal-Mart at 1125 N. Pine Street, DeRidder, LA 70634.

**EXHIBIT A**

1

5.

On or about the October 15, 2016, BRANDY TRAHAN was walking from the ATM towards the Reddy Ice machine in the front of the Wal-Mart #505 located in DeRidder, Louisiana. When she approached the Reddy Ice machine, suddenly and without warning, she slipped on water and fell to the floor, hitting her knee and ankle on the floor.

6.

At all times mentioned herein, WAL-MART was in the full custody and control of the store premises where Plaintiff fell.

7.

Retail stores such as WAL-MART should never needlessly endanger their customers and is responsible for providing a safe environment to the public who enter the building.

8.

Leaving a wet floor unguarded, with no proper barricade or warning in a retail store needlessly endangers the public.

9.

As a result of her fall, BRANDY TRAHAN sustained injuries to her right knee and ankle, and the disks, ligaments and muscles of her spine, together with the usual bumps and bruises associated with a fall of this type.

10.

The sole proximate cause of the fall was the negligence of WAL-MART, REDDY, and RAINWATER in the following non-exclusive particulars:

**WAL-MART STORES, INC.:**

    a)     In failing to keep their premises free from hazards;

    b)     In failing to have a proper warning indicating that the floors were slippery;

    c)     In failing to implement and/or follow proper guidelines for the inspection and cleaning of the floors;

    d)     In failing to properly train their personnel and/or janitorial service on the proper guidelines for the inspection and cleaning of the floors;

    e)     In leaving a slippery floor unattended;

    f)     In failing to properly train;

    g)     In failing to prevent a hazardous situation or warn of the same;

    h)     In failing to recognize the imminence of a fall and take steps to prevent the same;

i) In failing to inspect the floors;

j) In failing to inspect the ice merchandiser;

k) In negligently screening, supervising, and/or hiring employees and contractors;

l) In failing to properly barricade a wet floor;

m) In failing to issue a verbal warning to the public that a floor was wet and slippery; and

n) Any other acts of negligence which may be proven at the trial of this case.

**REDDY ICE CORPORATION:**

a) In failing to implement and/or follow proper guidelines for the inspection and servicing of their ice merchandiser;

b) In failing to properly train their employees on the proper guidelines for the inspection and servicing of their ice merchandiser;

c) In failing to properly inspect and service their ice merchandiser;

d) In failing to have a proper warning indicating that the floors may be slippery around the ice merchandiser;

e) In failing to take actions to prevent their ice merchandiser from leaking water on the floor around the ice merchandiser;

f) In failing to prevent a hazardous situation or warn of the same;

g) Any other acts of negligence which may be proven at the trial of this case.

**BEVERLY RAINWATER:**

a) In failing to have a proper warning indicating that the floors were slippery;

b) In failing to implement and/or follow proper guidelines for the inspection and cleaning of the floors;

c) In leaving a slippery floor unattended;

d) In failing to prevent a hazardous situation or warn of the same;

e) In failing to recognize the imminence of a fall and take steps to prevent the same;

f) In failing to issue a verbal warning to the public that a floor was wet and slippery;

g) In failing to inspect the floors;

h) In failing to inspect the ice merchandiser;

i) In negligently screening, supervising, and/or hiring employees and contractors;
j) and

k) Any other acts of negligence which may be proven at the trial of this case.

3

11.

As a result of the subject accident, Petitioner has suffered and is entitled to recover reasonable sums for the following items of damages:

- a) Past, present, and future medical expenses;
- b) Past, present, and future physical pain and suffering;
- c) Past, present, and future mental anguish, pain, and inconvenience;
- d) Past, present, and future loss of enjoyment of life;
- e) Loss of earnings and/or earning capacity;
- f) Disfigurement;
- g) Permanent disability;
- h) Loss of household services.

12.

Petitioner, BRANDY TRAHAN'S damages are legally sufficient to warrant a jury trial. Petitioner's damages are legally sufficient for federal court jurisdiction.

13.

WHEREFORE, the premises considered, Petitioner prays that:

I. Defendants **WAL-MART STORES, INC, REDDY ICE CORPORATION, and BEVERLY RAINWATER** be served with a copy of this Petition for Damages and be duly cited to appear and answer same;

II. The attached First Set of Discovery Requests be made a part hereof, filed in the record, and served upon Defendants simultaneously with the Petition for Damages, with each Defendant ordered to produce the information and documents within the time delays provided by law.

III. After due proceedings had, there be judgment herein in favor of Petitioner and against Defendants **WAL-MART STORES, INC, REDDY ICE CORPORATION, and BEVERLY RAINWATER** for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, and all costs of these proceedings;

IV. Petitioner be granted all further and different relief as the facts, law, and equity of this case require.

RESPECTFULLY SUBMITTED:

*/s/ Lauren Bossetta*
**AARON BROUSSARD (Bar Roll #30134)**
Broussard & Hart, L.L.C.
1301 Common Street

4

Lake Charles, Louisiana 70601
Telephone: (337) 439-2450
Facsimile: (337) 439-3450

**SERVICE INSTRUCTIONS:**

WAL-MART STORES, INC
Through its agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

REDDY ICE CORPORATION
Through its agent for service of process,
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

BEVERLY RAINWATER
1125 N. Pine Street
DeRidder, LA 70634